

**SO ORDERED.**

**SIGNED this 29 day of May, 2008.**

_____
**JAMES D. WALKER, JR.
UNITED STATES BANKRUPTCY JUDGE**
_____

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | CASE NO. 06-70145-JDW |
| FIRSTLINE CORPORATION, | ) | |
| | ) | |
| DEBTOR. | ) | |
| | ) | |
| J. MICHAEL WEATHERS, in his | ) | ADVERSARY PROCEEDING |
| capacity as Liquidating Agent for | ) | NO. 07-7019-JDW |
| FIRSTLINE CORPORATION, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| VS. | ) | |
| | ) | |
| SPARTAN POLYMERS, INC., | ) | |
| | ) | |
| DEFENDANT. | ) | |

BEFORE

JAMES D. WALKER, JR.

UNITED STATES BANKRUPTCY JUDGE

<u>COUNSEL</u>

For Plaintiff:   Sameer K. Kapoor
                 Todd C. Meyers
                 Michael D. Langford
                 1100 Peachtree Street, Suite 2800
                 Atlanta, Georgia 30309-4530

For Defendant:   David Sicay-Perrow
                 Post Office Box 26937
                 Macon, Georgia 31221

## MEMORANDUM OPINION

This matter comes before the Court on Plaintiff's motion for summary judgment on a preference complaint. This is a core matter within the meaning of 28 U.S.C. § 157(b)(2)(F). After considering the pleadings, the evidence, and the applicable authorities, the Court enters the following findings of fact and conclusions of law in conformance with Federal Rule of Bankruptcy Procedure 7052.

### Undisputed Facts

On August 24, 2005, Defendant Spartan Polymers, Inc. issued an invoice showing an amount due from Debtor FirstLine Corporation of $94,464 for goods sold. The invoice provided for payment terms of "Net 30" days. Debtor paid the amount due by check drawn on its bank account that was dated December 1, 2005 and that cleared on December 8, 2005–106 days after the billing date. The invoice and payment represented the only transaction between Debtor and Defendant.

On March 6, 2006, Debtor filed a voluntary Chapter 11 petition. Plaintiff J. Michael Weathers was appointed liquidating agent for Debtor. Plaintiff asserted by declaration that after he analyzed the claims and objections to claims in the bankruptcy case, he determined general unsecured creditors would not be paid in full and likely would receive a dividend of less than 50 percent.

By letter dated May 18, 2007, Plaintiff demanded repayment of the $94,464 transferred by Debtor to Defendant. Defendant received the letter but did not comply with its demand. On July 11, 2007, Plaintiff filed a preference complaint against Defendant to recover the money, including interest from the date of the demand letter, and subsequently filed a motion for

summary judgment.  For the reasons that follow, the Court finds the transfer to be an avoidable preference and concludes Plaintiff is entitled to summary judgment.

## Conclusions of Law

### Summary Judgment Standard

Summary judgment is governed by Federal Rule of Civil Procedure 56, made applicable to adversary proceedings through Federal Rule of Bankruptcy Procedure 7056.  Under Rule 56, a party is entitled to summary judgment when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); McCaleb v. A.O. Smith Corp., 200 F.3d 747, 750 (11th Cir. 2000).  The Court views all evidence and reasonable factual inferences in the light most favorable to the nonmoving party.  Burton v. Tampa Housing Auth., 271 F.3d 1274, 1277 (11th Cir. 2001).

In addition, Local Bankruptcy Rule 7056-1 imposes certain obligations on the parties.

> (a) Statement of Uncontested Facts. Upon filing any motion for summary judgment pursuant to FRBP 7056, the movant shall file a separate, short, and concise statement of the uncontested facts as to which the movant contends there is no genuine issue to be tried, including specific reference to those parts of the pleadings, depositions, answers to interrogatories, admissions, and affidavits that support such contention.
>
> (b) Response to Statement of Uncontested Facts. The party or parties opposing a motion for summary judgment shall file a separate, short, and concise statement of the material facts as to which it is contended that there exists a genuine issue to be tried, including specific reference to those parts of the pleadings, depositions, answers to interrogatories, admissions on file and affidavits that support such contentions. Any such response shall

>   be filed and served within 20 days of service of movant's
>   Statement of Uncontested Facts.
>
>   (c) <u>Facts Deemed Admitted</u>. All material facts set forth in the
>   statement served by the moving party may be deemed admitted
>   unless controverted by the statement required to be served by the
>   opposing party or parties.

LBR 7056-1.[1]

Plaintiff complied with the local rule by providing a statement of facts with specific references to supporting documents. Defendant responded with a two-paragraph letter, conceding Plaintiff has a prima facie preference case but arguing there is a dispute about whether the transaction occurred in the ordinary course of business. The letter states, in part:

>   This appears to be a fact intensive issue and defendant has testified
>   regarding the manner in which the transaction occurred. A review
>   of the testimony indicates that defendant's principal treated the
>   transaction as being in the ordinary course of business based on the
>   relationship of the principal of the defendant with the
>   representative of the debtor, and based on the nature of the
>   underlying transaction itself. Accordingly, as a motion for
>   summary judgment must be construed in the light most favorable
>   to the non-moving party, Defendant would request that either
>   Plaintiff's motion for summary judgment be denied, or, in the
>   alternative, that a hearing be scheduled so as to permit oral
>   argument regarding Plaintiff's motion.

(Letter From Def.'s Counsel, Docket #58, May 6, 2008.)

The letter neither indicates specific facts in dispute nor refers to specific portions of supporting documents.[2] It is, thus, wholly inadequate as a response to the statement of

---

[1] The local rules are freely available on the Court's website at http://www.gamb.uscourts.gov/LocalRules/LocalRul.pdf.

[2] The letter makes certain conclusory assertions based on testimony given by Debtor's principal. However, the letter does not provide the specific content of the testimony, and it fails to direct the Court to the specific document and page or paragraph/line containing that testimony.

5

uncontested facts and serves as little more than a general response to the motion for summary judgment. Furthermore, the request for oral argument does not serve as an adequate substitute for responding to the statement of facts. The Court is not required to hear oral arguments, and may decline to do so even when the respondent has properly responded to the movant's statement of facts. Because Defendant failed to controvert or otherwise respond to any facts set forth in Plaintiff's statement of uncontested facts, all material facts in Plaintiff's statement shall be deemed admitted. LBR 7056-1(c).

## Preference Claim

In this case, Defendant has conceded the existence of a prima facie preference case under 11 U.S.C. § 547(b), which provides as follows:

> (b) Except as provided in subsections (c) and (I) of this section, the trustee may avoid any transfer of an interest of the debtor in property–
> (1) to or for the benefit of a creditor;
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
> (3) made while the debtor was insolvent;
> (4) made–
>   (A) on or within 90 days before the date of the filing of the petition; [and]
>   ...
> (5) that enables such creditor to receive more than such creditor would receive if–
>   (A) the case were a case under chapter 7 of this title;
>   (B) the transfer had not been made; and

---

The Court cannot accept counsel's conclusions about or characterizations of the testimony if the testimony is unavailable for the Court's scrutiny. Assuming the testimony has been filed in this case, the Court is not obliged to comb the docket in search of a particular statement that may support Defendant's argument. To do so would be a waste of judicial resources, especially when the local rule requires "<u>specific reference</u> to those parts of the pleadings, depositions, answers to interrogatories, admissions on file and affidavits that support [the respondent's] contentions." LBR 7056-1(b) (emphasis added).

> (C) such creditor received payment of such debt to the
> extent provided by the provisions of this title.

11 U.S.C. § 547(b). The Court agrees Plaintiff has shown the necessary elements for a preference. First, the transfer was of an interest of Debtor in property because Debtor paid Defendant from its checking account. Second, the transfer was for the benefit of a creditor because it was payment on an invoice for goods sold by Defendant to Debtor. Third, the transfer was made on account of antecedent debt as shown by the invoice dated more than three months prior to the transfer. Fourth, the transfer was made while Debtor was insolvent because it took place during the 90 days prior to the bankruptcy filing, when a debtor is presumed insolvent under § 547(f); the presumption was not rebutted. Fifth, the transfer was made on December 8, 2005, which is within the 90-day preference period prior to the bankruptcy filing on March 6, 2006. Sixth, Plaintiff provided a declaration that unsecured creditors will not be paid in full and likely will receive a dividend of less than 50 percent; thus, by receiving full payment, Defendant received a greater distribution than it would receive in a hypothetical Chapter 7 case.

Therefore, the only issue is whether the transfer falls within one of the safe harbors of § 547(c). The only safe harbor asserted by Defendant in its response to the motion for summary judgment is subsection (c)(2), which provides for the "ordinary course of business" defense as follows:

> (c) The trustee may not avoid under this section a transfer—
> ...
> (2) to the extent that such transfer was in payment of a debt
> incurred by the debtor in the ordinary course of business or
> financial affairs of the debtor and the transferee, and such
> transfer was–
> (A) made in the ordinary course of business or financial
> affairs of the debtor and the transferee; or

(B) made according to ordinary business terms[.]

11 U.S.C. § 547(c)(2). The burden is on Defendant to prove the ordinary course of business defense. Barrett Dodge Chrysler Plymouth, Inc. v. Cranshaw (In re Issac Leaseco, Inc.), 389 F.3d 1205, 1210 (11th Cir. 2004). To do so, it must prove as a threshold matter that the debt was incurred in the ordinary course of business. In addition, it must prove the transfer was made either in the ordinary course of business of the parties or according to ordinary business terms.[3]

First, the Court must consider the debt and whether it was incurred in the ordinary course of business. "[C]ourts generally are interested in whether or not the debt was incurred in a typical, arms-length commercial transaction that occurred in the marketplace[.]" Huffman v. New Jersey Steel Corp. (In re Valley Steel Corp.), 182 B.R. 728, 735 (Bankr. W.D. Va. 1995). Defendant has offered no evidence about how or why the debt was incurred, the nature of the transaction, or its relationship with Debtor. The invoice indicates the debt was incurred to purchase certain goods, but Defendant has failed to assert the nature of those goods or how they relate to its business. Nevertheless, Plaintiff conceded in its brief accompanying its motion for summary judgment that the debt was incurred in the ordinary course of business.

Second, the Court must consider the payment and whether it satisfies one of the two tests for having been made in the ordinary course of business. A transfer is "made in the ordinary course of business or financial affairs of the debtor and the transferee" if it is consistent with the parties' prior dealings. 5 Collier on Bankruptcy ¶ 547.04[2][a][ii][B] (15th ed. rev'd 2008). Courts

---

[3] Prior to amendments enacted in 2005, defendants were required to prove all three elements of the defense. Now, they must only prove two. However, the relevant language of the statute remains unchanged, and prior case law interpreting that language remains viable. 5 Collier on Bankruptcy ¶ 547.04[2] (15th ed. rev'd 2008).

generally consider four factors when analyzing this element: "(1) length of time the parties were engaged in the transaction in issue; (2) whether the amount or form of tender differed from past practices; (3) whether the debtor or creditor engaged in any unusual collection or payment activities; and (4) the circumstances under which the payment was made." Id. See also Johnston Ind., Inc. v. CB&T Bank (In re Johnston Ind., Inc.), 357 B.R. 907, 915-16 (Bankr. M.D. Ga. 2006). Defendant offered no evidence relevant to its business dealings with Debtor. However, it conceded the transaction at issue was the first and only one between Defendant and Debtor. Furthermore, Debtor did not pay the invoice according to its terms of 30 days net. Based on the lack of any history between the parties and the failure of Debtor to conform with the payment terms on their sole transaction, the Court cannot conclude the payment was made in the ordinary course of business between the parties.

However, Defendant may still prevail if it can show the payment was "made according to ordinary business terms," which requires the transfer to be made "in accordance with the standards of the relevant industry." Issac Leaseco, 389 F.3d at 1210. In some cases, a lengthy prior business relationship between the parties may offer a basis for departing from a strict analysis of industry standards. Id. However, when the prior business relationship is brief, "the bankruptcy court ha[s] no choice but to evaluate their dealings strictly according to industry standards ...." Id. at 1211 (requiring application of strict standards when parties had only 6 months of prior dealings).

In this case, the parties had no prior dealings. Therefore, the Court must strictly apply industry standards to determine whether the transfer was made according to ordinary business terms. The Court is unable to conduct an analysis because Defendant failed to provide any

information about industry standards. Without evidence of those standards,[4] the Court cannot conclude the transfer was made according to ordinary business terms. Therefore, Defendant has failed to establish the transfer was made in the ordinary course of business.

### Prejudgment Interest

Plaintiff has requested prejudgment interest in this case. In avoidance actions courts have discretion to award prejudgment interest "from the date of demand, the institution of the suit, or from the point at which the transferee could be said to hold the transfer wrongfully." IBT Int'l, Inc. v. Northern (In re International Admin. Servs., Inc.), 408 F.3d 689, 709 (11th Cir. 2005). Such an award is made to compensate the estate for the use of the funds during the time they were wrongfully withheld. Id. at 711. Although some courts begin calculating interest on the date of demand, see Sigmon v. Royal Cake Co., Inc. (In re Cybermech, Inc.), 13 F.3d 818, 822 (4th Cir. 1994), Plaintiff has asked for prejudgment interest beginning three days after the date of the demand letter. See Ellenberg v. Mercer (In re The Home Co.), 108 B.R. 357, 361 (Bankr. N.D. Ga. 1989). In this case, the demand letter was sent on May 18, 2007. Therefore, the Court will award Plaintiff prejudgment interest from May 21, 2007, until the date of entry of the order granting summary judgment.

Courts generally determine the rate of interest in accordance with 28 U.S.C. § 1961(a), which is based on the Treasury yield. International Admin, 408 F.3d at 710. In this case, appropriate rate is 4.86 percent, which can be calculated as $12.58 per day.

---

[4] In its brief, Plaintiff referred to some evidence of industry standards that would undermine the ordinary course defense–payments are generally received 30 to 45 days after billing–in various responses by Defendant to discovery. However, those facts were not presented in Plaintiff's statement of uncontested facts and cannot be deemed admitted by Defendant for purposes of this motion.

**Conclusion**

The Court finds the transfer by Debtor to Defendant of $94,464 is a preference. Plaintiff set forth evidence demonstrating all the elements of a preference, and Defendant conceded the existence of a prima facie case. Although Defendant asserted an ordinary course of business defense, it provided no facts to support its assertion. Therefore, the Court concludes Plaintiff is entitled to summary judgment, including an award of prejudgment interest.

An Order in accordance with this Opinion will be entered on this date.

END OF DOCUMENT